NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL J. TANNER, DBA Tannerite
Explosives, a sole propertiership,

Plaintiff-Appellant,

v.

ANITA PHILLIPS; STATE OF OREGON,
Office of the Fire Marshall,

Defendants-Appellees.

No. 14-35983

D.C. No. 6:14-cv-01008-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Daniel J. Tanner appeals from the district court's judgment dismissing his 42

U.S.C. § 1983 action alleging federal and state law claims arising from defendants'

denial of Tanner's application for a special effects permit.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Tanner's state law claim for reckless interference with economic activity because Tanner failed to comply with the Oregon Tort Claims Act's mandatory notice provisions. *See* Or. Rev. Stat. § 30.275(1), 2(b) (requiring notice of claim within 180 days after the alleged loss or injury for any "action arising from any act or omission of a public body or an officer, employee, or agent of a public body").

The district court properly dismissed Tanner's federal claim against the State of Oregon and defendant Phillips in her official capacity on the basis of Eleventh Amendment immunity. *See Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (the Eleventh Amendment bars suits against the State, its agencies, and state officials sued in their official capacities).

The district court properly dismissed Tanner's federal claim against Phillips in her individual capacity because Tanner failed to raise a genuine dispute of material fact as to whether Phillips' conduct violated a clearly established right.

2                                                           14-35983

*See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (defendant is entitled to qualified immunity unless the conduct at issue violated a clearly established constitutional right).

We do not consider issues not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Tanner's motion to stay proceedings, filed on July 17, 2015, is denied.

**AFFIRMED.**